IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WES LEE BROWN, <br><br> Plaintiff, <br><br> v. <br><br> BERKS COUNTY JAIL, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 23-0780-KSM |

<u>MEMORANDUM</u>

**MARSTON, J.**                                                                                                   August 14, 2023

     *Pro Se* Plaintiff Wes Lee Brown brings this civil rights action pursuant to 42 U.S.C. § 1983, asserting claims against Berks County Jail officials. The Court previously granted Brown *in forma pauperis* status and dismissed his original Complaint without prejudice. (Doc. Nos. 6, 7.) Presently before the Court is Brown's Amended Complaint. (Doc. No. 9.) For the following reasons, the Court dismisses Amended Complaint in part under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court directs service of the Complaint against Defendants Stephanie Smith and Jessica Collins for the claims discussed below.

**I.    BACKGROUND**

     In his initial Complaint, filed on February 21, 2023, Brown brought claims against the following: (1) Berks County Jail; (2) Berks County; (3) Jeffrey Smith, the Warden of Berks County Jail; (4) Stephanie Smith, the Deputy Warden of Berks County Jail; (5) Jessica Collins, the Director of Treatment at Berks County Jail; and (6) Hanna Long, Law Librarian. (Doc. No. 2 at 2–3, 5.)[1] He alleged that he was exposed to black mold in the showers and dirty standing

---

[1] The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

water on the floor of his cell while housed in the disciplinary unit. (*Id*. at 3–6, 8.) He also alleged damages from a "dirty" ventilation system, that he was denied access to the law library, and that he was retaliated against for filing a grievance. (*Id*.)

In a May 9, 2023 Memorandum and Order, the Court granted Brown leave to proceed *in forma pauperis* and dismissed his Complaint in part following screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Brown v. Berks Cnty. Jail*, No. 23-0780, 2023 WL 3324676, at *7 (E.D. Pa. May 9, 2023). The Court dismissed Brown's claims against the Berks County Jail, his official capacity claims against the individually-named Berks County Jail employees, and all claims against Berks County because jails are not subject to liability under § 1983 and because Brown failed to allege a basis for municipal liability.[2] *Brown*, 2023 WL 3324676, at *3–4. The Court also dismissed Brown's claims based on unsanitary housing conditions at the Berks County Jail because he did "not tie any of his allegations regarding the black mold, standing water in his cell, or ventilation system to specific conduct by any named Defendant." *Id*. at *5. Brown's First Amendment "access to courts" claim, based on allegations that he was denied access to the law library and denied assistance with legal copies and mailings, was also dismissed; the Court concluded that Brown failed to allege that he suffered an "actual injury." *Id*. at *5–6. The Court did, however, conclude that Brown stated a plausible retaliation claim against Defendant Collins.[3] *Id*. at *6.

---

[2] Brown appears to have abandoned all municipal liability claims which could be asserted under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). He does not name Berks County as a defendant in his Amended Complaint, nor does he assert any official capacity claims against the individually named Berks County Prison Defendants. As the Court previously explained in its May 9 Memorandum, to the extent Brown's Amended Complaint could be understood to name the Berks County Jail as a defendant, the jail is not a "person" subject to liability in this case. *Brown*, 2023 WL 3324676, at *3.

[3] The Court advised Plaintiff that he could pursue his claim against Defendant Collins without filing an Amended Complaint, but that if he did choose to file an Amended Complaint, he would need to reallege the claims against Defendant Collins if he wished to proceed. (*See* Doc. No. 7.)

On June 26, 2023, Brown filed an Amended Complaint. (Doc. No. 9.) He names the following Defendants: (1) Jeffrey Smith; (2) Stephanie Smith; (3) Jessica Collins; and (4) Hanna Long. (*Id.* at 2–3.) Brown lodges similar claims regarding the conditions at the Berks County Jail as he did in his original Complaint. Specifically, Brown alleges that he encountered black mold in the showers in the disciplinary unit, or the D-block, where he stayed for a 13-day period day period from October 21, 2022 to November 3, 2022. (*Id.* at 13, 15.) The black mold allegedly caused Brown to suffer headaches, nausea, and loss of appetite. (*Id.* at 15, 19.) Brown states that he complained "numerous" block officers about the mold. (*Id.* at 13.) Brown also alleges that a leaking sink and toilet in his cell on the D-block caused "dirty standing water." (*Id.* at 13, 14.) Brown states that he complained about the standing water to nurses and block officers "but they all just laughed" at him and told him to deal with it. (*Id.* at 19.) Brown alleges that exposure to the dirty water caused him to suffer headaches, nausea, and a lack of appetite. (*Id.*) Finally, Brown complained about the "dirty ventilation system" on the M-block and that dust and particles periodically blew out of the vent into his cell. (*Id.* at 13, 16.) He was allegedly told by prison staff members that the vent filters are never cleaned or changed. (*Id.* at 13.) Brown complained to Defendant Stephanie Smith and to maintenance personnel about the ventilation but they "brushed it off and ignored the issue." (*Id.* at 17, 20.) Brown alleges that the ventilation system caused him to suffer headaches and breathing difficulties. (*Id.* at 20.)

Brown also alleges that Defendant Jessica Collins denied him access to the law library and denied his request for assistance in making legal copies and mailing documents to the courthouse. (*Id.* at 14, 17.) Brown claims that had he been helped, he would have been able to "fight [his charge] 'pro se' and hav[e] his criminal charges dismissed. (*Id.* at 20–21.) According to Brown, he was instead "forced to plead 'no contest' and serve nine months because [he] was

3

unable to proceed 'pro se.'" (*Id*. at 20–21.)

Brown also alleges that he filed a grievance after the Treatment Department refused to place him on a list of approved workers at the jail. (*Id*. at 14, 18.) After filing the grievance, Brown was given a "Class I Misconduct" by Collins in retaliation for "interfering with staff" by filing the grievance. (*Id*.) As a punishment for the misconduct write-up, Brown was sent to the "hole" for 15 days and then to the maximum-security block for 30 days. (*Id*. at 18.)

Based on these allegations, Brown asserts constitutional claims pursuant to § 1983 and seeks money damages.

## II.     STANDARD OF REVIEW

As Brown is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Brown asserts claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As set forth below, Brown has stated a claim against Defendant Stephanie Smith for a Fourteenth Amendment violation (based on his dirty ventilation system allegations) and Brown has also stated a First Amendment retaliation claim against Defendant Jessica Collins. The Amended Complaint will be served for a responsive pleading against these defendants. The remaining balance of Brown's claims, however, are dismissed.

### A. Black Mold and Dirty Standing Water Claims

As the Court explained in its May 9 Memorandum, "[t]he Due Process Clause of the Fourteenth Amendment governs claims challenging conditions of confinement raised by pretrial detainees."[4] *Brown*, 2023 WL 3324676, at *4 (citing *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005)). To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component

---

[4] Brown was a pretrial detainee at the time of the events alleged in the Amended Complaint.

requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson*, 501 U.S. at 298–99; *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'" (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994))).

Brown's claims based on his exposure to black mold and dirty standing water on the disciplinary unit were dismissed from Brown's original Complaint because Brown failed to "tie any of his allegations regarding the black mold [and] standing water in his cell . . . to specific conduct by any named Defendant." *Brown*, 2023 WL 3324676, at *5. Despite the Court's caution and permission to Brown to amend his claims, Brown has again failed to allege that any individually-named Defendant had actual knowledge or was otherwise aware of the alleged unsanitary conditions. Rather, Brown states only that on numerous occasions he complained to nurses or to block officers about the conditions and that despite his complaints, the issues were not remedied. Brown does not specifically identify any named Defendant to whom he complained. This is not sufficient to state a plausible claim. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *see also Rode*, 845 F.2d at 1207; *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Accordingly, Brown's Fourteenth Amendment claims based on his exposure to black mold and dirty standing water will be dismissed.

### B.   Dirty Ventilation System Claims

Brown also asserts a Fourteenth Amendment claim based on the alleged dirty ventilation system he endured on the M-block. Brown alleges that the vent filters were never cleaned or changed and that he suffered physical harm—headaches and difficulty breathing—due to the dust and particles that blew from the vents into his cell. Unlike his claims based on black mold and dirty standing water, Brown has tied his alleged constitutional harm from the ventilation system to a named Defendant. He states that despite his complaints about the ventilation system to Defendant Stephanie Smith, the issue was ignored. Based on these allegations, and at this early stage of the litigation, this claim will be served for a responsive pleading against Defendant Stephanie Smith.

### C.   Access-to-Courts Claim

Brown against asserts an access-to-courts claim based on allegations that he was denied reasonable access to the law library and refused assistance in making copies or mailing documents. The inability of pretrial detainees to access legal resources such as the law library is analyzed as an access-to-courts claim under the First and Fourteenth Amendments. *Prater v. City of Philadelphia*, 542 F. App'x 135, 137 (3d Cir. 2013) (*per curiam*); *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) ("Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts."). To state a claim for denial of access to courts, a plaintiff must show that he "suffered 'an actual injury' because of his alleged inability to access the prison library." *Prater*, 542 F. App'x at 137 (quoting *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). A detainee states an actual injury by alleging "that a 'nonfrivolous' and 'arguable'

claim was lost because of the denial of access to the courts." *Tinsley v. Giorla*, 369 F. App'x 378, 381 (3d Cir. 2010); *see also Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014) ("[T]o sufficiently plead an access-to-courts claim . . . a non-prisoner must plead that 'official acts . . . may allegedly have caused the loss . . . of a meritorious case.'" (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)).

Brown fails to state a plausible access-to-courts claim because he again does not allege an actual injury. He states only that had he been provided law library access and provided assistance with legal copies and mailing documents, he would have been able to proceed *pro se* and have his criminal charges dismissed. Such vague and generalized allegations are too speculative to allege that he lost a nonfrivolous or arguable claim. *See Prater*, 542 F. App'x at 137 (affirming denial of access-to-courts claim where the pretrial detainee had "not offered any other explanation of how his inability to access the library affected his criminal proceedings"); *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of access-to-courts claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In any event, Brown concedes that he was represented by a public defender. (*See* Doc. No. 9 at 14.) Brown cannot state a plausible claim for denial of access to courts if he was represented by counsel during his criminal case. *Prater*, 542 F. App'x at 137 n.4; *see also Diaz*, 532 F. App'x at 63; *Roman v. Union Cty. Jail*, No. 16-1049, 2017 WL 498715, at *5 (D.N.J. Feb. 7, 2017) (denying access-to-courts claim for pretrial detainee to the extent the plaintiff was represented by counsel in his criminal proceedings); *Hurdle v. Dantos*, No. 20-5595, 2020 WL 6747293, at *6 (E.D. Pa. Nov. 17, 2020) (denying claim for access to legal research in part because the pretrial detainee was represented by counsel). Accordingly, Brown's access to court's claim will be dismissed.

### D. First Amendment Retaliation Claim

Brown again asserts a First Amendment retaliation claim against Defendant Jessica Collins. To state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). A prisoner's filing of a grievance constitutes constitutionally protected conduct. *See id.*

Brown alleges that Collins retaliated against him by filing a misconduct report against him in response to Brown's filing of a grievance. The misconduct caused Brown to be placed in the "hole" and subsequently on the maximum-security block. Brown has again sufficiently alleged that he engaged in constitutionally protected conduct and that Collins retaliated against him for filing that grievance. *See Mitchell*, 318 F.3d at 530–31 ("Mitchell's allegation that he was falsely charged with misconduct in retaliation for filing complaints against Officer Wilson implicates conduct protected by the First Amendment."). Accordingly, this claim will be served on Collins for a responsive pleading.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Brown's Amended Complaint in part. The Court directs service of Brown's Amended Complaint so that he may proceed on his claim against Defendant Stephanie Smith based on the ventilation system and his First Amendment

9

retaliation claim against Defendant Jessica Collins.  The remaining claims alleged in the Amended Complaint will be dismissed.[5]  An appropriate Order follows.

---

[5] Since Brown was given an opportunity to amend the defects in these claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").